The **UNIVERSITY OF THE SOUTH**, Plaintiff,

v.

**BERKLEY PUBLISHING CORP. et al.**, Defendants.

**No. 73 Civ. 2440 KTD.**

United States District Court, S. D. New York.

May 23, 1974.

Breed, Abbott & Morgan, New York City, for plaintiff; by Thomas A. Shaw, Jr., Leonard A. Mentzer, New York City, of counsel.

Perles & Kleefield, New York City, for defendant Kable News Co.

Baker, Nelson & Williams, New York City, for defendant Yale Daily News.

Parker, Duryee, Zunino, Malone & Carter, New York City, for defendant Berkley Publishing Corp.; by Thomas F. Tivnan, Wm. Lee Kinnally, Jr., New York City, of counsel.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is a motion made by the defendant Berkley Publishing Corp. (hereinafter referred to as "Berkley") to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and for summary

judgment pursuant to Rule 56, Fed.R. Civ.P. The motion under Rule 12(b)(6) is denied. The summary judgment motion, however, poses a more difficult question.

The facts are not in real dispute as between the plaintiff and Berkley. The defendant Yale Daily News is the author of a certain book entitled "The Insiders' Guide to Colleges, 4th Edition" (hereinafter referred to as the "book"). Berkley publishes the book and the defendant Kable News Co. distributes the book.

In pertinent part, the book in describing the plaintiff said:

> "The majority of the Student Body is naturally conservative, if that term has any meaning in the South nowadays. As of this writing, it is too early to tell what the long range effect of the killing of two Black students during a mild demonstration will be. The student violence seems incongruous, given the political mildness of the place, although state politicians and not campus events were to be blamed."

These statements referring to the plaintiff, The University of the South, located at Sewanee, Tenn. (hereinafter referred to by its popular name "Sewanee") were totally untrue and give rise to this libel action. In fact, the incident referred to apparently occurred at Southern University, Baton Rouge, Louisiana.

The complaint alleges that the statements were maliciously made by the author and were published and distributed "with reckless indifference to their falsity and without impartial or fair investigation" by Berkley and the defendant Kable News Co.

Shortly after the publication of the book the attorneys for Sewanee notified Berkley of the inaccuracy of the statements. This notification took the form of a telegram and also a more definitive letter. Berkley thereupon prepared an "errata sheet" purportedly deleting the offending statements. It notified its wholesalers and those retailers to whom it knew that the book was distributed, and requested that the "errata sheet" be placed in the book before sale to the public.

Berkley now contends that it had no actual malice in the publication of the book; that the offending statement was a result of innocent confusion between the plaintiff "The University of the South" and "Southern University"; that plaintiff is a public figure within the meaning of the Supreme Court decision in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and its progeny; and that therefore the case must be dismissed.

■ I agree that Sewanee is a "public figure" within the meaning of the line of cases flowing from New York Times Co. v. Sullivan, *supra*. Thus a showing of actual malice must be made, i. e., that the defendant had knowledge that the facts represented were false or was acting with reckless disregard as to the truth or falsity of the statements made. 376 U.S. at 279–80, 84 S.Ct. 710.

■ This is a heavy burden for the plaintiff to prove. However, during discovery, plaintiff elicited facts which might tend to show that Berkley Publishing Company, after actual knowledge of the facts, did not do an adequate job to rectify the mistake and thus that the ongoing distribution of the offending publication was in reckless disregard of plaintiff's rights. The "errata sheet", for example, allegedly was not even gummed so that it could be pasted in the book. The notification sent by Berkley to its distributors could be deemed inadequate. But this all raises questions of fact which cannot be resolved on a motion for summary judgment. The motion is therefore denied.

Rather than have this case drag on unnecessarily I direct that all discovery be completed by both sides within ninety days from the date hereof.

So ordered.